UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 1 0 2010
PER _____
DEPUTY CLERK

LEO F. SCHWEITZER, III, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-09-1464
:
WARDEN RONNIE HOLT, : (Judge Kosik)
:
    Respondent :

## MEMORANDUM

Presently pending before the court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supplement thereto filed by Leo F. Schweitzer, III. (Docs. 1, 9.) Schweitzer is an inmate confined at the Federal Prison Camp at Canaan (FPC-Canaan), Pennsylvania, and proceeds in forma pauperis in this matter. Named as Respondent is Ronnie Holt, Warden at FPC-Canaan. Petitioner alleges that the Bureau of Prisons ("BOP") has erred in computing his federal sentence. He contends that the BOP has failed to "grant him jail time credit relative to a specific portion of his 2005 sentence."[1] (Doc. 1, Pet. at 1.) He specifically requests credit for

---

[1] Schweitzer seeks credit to his January 27, 2005 sentence of 84 months in Case No. 03-CR-00451-01 for Wire Fraud, Mail Fraud and Making False Statement.

time spent in custody from December 13, 2001 through March 1, 2002 (plus ten days of Statutory Good Time), and August 20, 2003 through March 20, 2004 (plus one month and two days of Statutory Good Time.) (Doc. 9, Supp. to Pet. at 2-5.) The petition is ripe for consideration and, for the reasons that follow, will be denied.

I. **Background**

On October 25, 1985, Schweitzer was sentenced to a fifteen (15) year term of imprisonment for Making False Statements to a Government Agency and Mail Fraud, in violation of 18 U.S.C. §§ 1001 and 1341, in Case No. 84-00097-01. (Doc. 12, Resp., Ex. 1, ¶5, Attach. B.) On October 26, 1990, he was released on parole from this sentence. At the time of parole, he had 3,650 days remaining on his sentence. (Id., Ex. 1, ¶ 6, Attach. C.)

On January 24, 1995, Schweitzer was arrested by the Federal Bureau of Investigation on new federal charges in Case No. 2:95CR00200-1 for Conspiracy, Making False Statements and Money Laundering. (Id., Ex. 1, ¶ 7, Attach. D.) On February 2, 1995, a warrant was issued for Schweitzer's violation of parole in his earlier case, Case No. 84-00097-01. (Id. ¶ 8, Attach. E.)

On November 7, 1995, Schweitzer was sentenced on the new federal charges (Case No. 2:95CR00200-1) to a 41 month term of imprisonment on the charges of Conspiracy in violation of 18 U.S.C. § 371; False Statements in violation of 18 U.S.C. §§ 1001 and 2; and Money Laundering in violation of 18 U.S.C. § 1957.

2

(Id., Ex. 1, ¶ Attach. F.)

On January 14, 1998, Schweitzer was released via Good Time with respect to the new federal charges (Case No. 95CR00200-01). On this same date, Schweitzer began service of his parole violator term with respect to his prior federal sentence (Case No. 84-00097-01).[2]

On February 23, 1999, Schweitzer was again granted parole with respect to the first federal sentence (Case No. 84-00097-01). (Id., Ex. 1, ¶ 12, Attach. G.) At the time of parole, Schweitzer had 3,244 days remaining on his original 15 year term. The parole date also marked the beginning of his term of supervision in Case No. 95CR00200-01.

On December 13, 2001, Schweitzer was again arrested while on parole from the first federal sentence (Case No. 84-00097-01), and while on supervised release from the second federal sentence (Case No. 95CR00200-1). He was arrested for new criminal conduct including Wire Fraud, in violation of 18 U.S.C. § 1343 (Case No. 03-CR-00451). (Id., Ex. 1, ¶ 13, Attach. D.) On March 1, 2002, Schweitzer was released from custody and his parole and supervised release were reinstated, no written explanation was provided by the United States Parole Commission. (Id., Ex.

---

[2] Schweitzer was out on parole with respect to this sentence when he committed the new federal charges. When he was released via good time on the sentence for the new federal conviction, he immediately began service on the parole violator term for the prior federal sentence.

3

1, ¶ 14, Attach. H.)

On August 8, 2003, a Parole Warrant was issued for Schweitzer for the violations he committed while on parole. (Id., Ex. 1, ¶ 15, Attach. I.) On August 11, 2003, Schweitzer voluntarily surrendered and was released on bond. (Id., Ex. 1, ¶ 16, Attach. D.) On August 20, 2003, Schweitzer surrendered and his parole was revoked. (Id., Ex. 1, ¶ 17, Attach. D.)

The U.S. Parole Commission issued a Notice of Action on January 13, 2004, stating that all of the time Schweitzer spent on parole shall be credited, and giving him credit for time spent in custody on the previous warrant from December 13, 2001 through March 1, 2002. The Commission further stated that Schweitzer was to be reparoled after service of 7 months, which began on August 20, 2003. (Id., Ex. 1, ¶ 18, Attach. J.) As such, on March 19, 2004, Schweitzer was again released on parole, with 2,951 days remaining to be served on his first federal sentence (Case No. 84-00097-01)[3]. (Id., Ex. 1, ¶ 19, Ex. K.)

On April 29, 2004, Schweitzer voluntarily surrendered and was released on bond. On January 27, 2005, he was sentenced in Case No. 03-CR-00451-01, his third federal sentence, to a term of imprisonment of 84 months for Wire Fraud, in violation of 18 U.S.C. § 1343; Mail Fraud, in violation of 18 U.S.C. § 1341, and

---

[3] While Schweitzer claims he was released on parole on March 20, 2004, the record clearly reveals that he was released on March 19, 2004.

4

Making False Statements, in violation of 18 U.S.C. § 1001 and 2. (Id., Ex. 1, ¶ 21, Attach. L.) On this same date, Schweitzer was taken into custody and this federal sentence commenced. He was given credit against this new sentence for August 11, 2003 and April 29, 2004, the two days that Schweitzer voluntarily surrendered and was released on bond.[4] (Id., Ex. 1, ¶ 22, Attach. C.)

On November 18, 2005, the Parole Commission issued a Notice of Action changing the conditions with respect to Schweitzer's prior parole violation in Case No. 84-00097-01 (his first federal sentence). (Id., Ex. 1, ¶ 23, Attach. M.) The Notice of Action provided as follows: "Let the Notice of Action dated January 13, 2004 stand except for street time credits. Do not cancel the grant of parole that became effective on March 20, 2004. None of the time shall be credited from February 24, 1999 to December 12, 2001 and from March 2, 2002 to August 19, 2003." (Id.) Thus, the sentence was credited with the time period from December 13, 2001 through March 1, 2002. As a result of these changes, there were 2951 days remaining to be served with respect to Case No. 84-00097-01.

In the pending petition, Schweitzer seeks jail time credit to his 2005 sentence (Case No. 03-CR-00451-01) for the following time periods of December 13, 2001

---

[4] In the response to the habeas petition, Respondent mistakenly states that Schweitzer was given credit for August 11, 2003 and <u>August</u> 29, 2004, however it appears that this is a typographical error as the records establish that credit was given for August 11, 2003 and <u>April</u> 29, 2004. (Id., Ex. C at 2.)

5

through March 1, 2002, and August 20, 2003 through March 20, 2004 (plus Statutory Good Time). (Doc. 9.) The petition is ripe for consideration and, for the reasons that follow, will be denied.

## II. Discussion

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed for offenses committed on or after November 1, 1987, and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. See 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 334-35 (1992).[5] The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. Id.; United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993). In addressing any sentencing computation issue, the following two considerations must be addressed: (1) when the federal sentence begins and (2) the time to be credited for custody prior to commencement of the federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3d Cir. 1996).

For offenses committed after November 1, 1987, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). Section 3585(a) provides as follows:

---

[5] Schweitzer's October 25, 1985 fifteen (15) year federal sentence in Case No. 84-00097-01 is an "old law" sentence.

6

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). It is well established that a federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); U.S. v. Labeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998).

Section 3585(b) addresses prior custody credit and provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(b)(emphasis added).

Section 3585(b) authorizes credit for time served only if the time has not already been credited towards another sentence. See Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000); Chambers, 920 F. Supp. at 622. "Congress has made clear that a defendant could not receive double credit for his detention time." U.S. v. Wilson, 503 U.S. 329, 337 (1992).

In the instant action, Schweitzer is precluded from receiving the credit he seeks

7

by the bar imposed by §3585(b) which prevents double credit. He seeks credit applied to his January 27, 2005 sentence (Case No. 03-CR-00451-01) that has already been applied to his sentence in Case No. 84-00097-01. The Notice of Action issued by the Parole Commission on November 18, 2005 specifically states that the earlier Notice of Action dated January 13, 2004, was to stand except for street time. It went on to specify that none of the time from February 24, 1999 to December 12, 2001, and from March 2, 2002 through August 19, 2003, should be credited to Schweitzer. (Doc. 12, Ex. 1, Attach. M.) However, it did not mention the period of time from December 13, 2001 through March 1, 2002, which was applied as credit toward Schweitzer's term in Case No. 84-00097-01. This is reflected in the BOP's Sentence Monitoring Computation Data for Schweitzer. (Id., Attach. C at 5.)

In addition, on August 20, 2003, Schweitzer's parole was revoked, and he was later paroled on March 19, 2004.[6] Because this period of time was also credited toward Schweitzer's sentence in Case No. 84-00097-01, he is prohibited under 18 U.S.C. § 3585(b) from receiving credit toward his sentence in Case No. 03-CR-00451-01 as he desires.

Without unnecessary elaboration, the court also finds that Schweitzer is not entitled to received statutory good time for the challenged periods toward his

---

[6] The court again points out that although Schweitzer seeks credit through March 20, 2004, the records clearly show that he was released on parole on March 19, 2004.

8

sentence in Case No. 03-CR-00451-01. As explained by Respondent, for inmates serving a sentence for an offense committed on or after April 26, 1996, as clearly would apply to Case No. 03-CR-00451-01, the BOP awards 54 days credit for each year served (prorated if time served for the sentence is less than a full year) if the inmate has earned or is making progress toward a GED credential or high school diploma. (Doc. 12, Ex. 1, ¶ 25, Ex. N.) However, prior to April 26, 1996, SGT was credit an inmate could earn based on good conduct. See 18 U.S.C. § 4161. In addition, Schweitzer is not entitled to credit for time spent while on bond, as it is not considered official detention entitling him to prior custody time credit under 18 U.S.C. § 3585(b). See Doc. 12, Ex. 2, ¶ 26, Attach. O; Reno v. Koray, 115 S.Ct. 2021 (1995).

Based on the foregoing, Petitioner has been awarded all credit to which he is entitled. Accordingly, the petition for writ of habeas corpus will be denied. An appropriate order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEO F. SCHWEITZER, III,

    Petitioner

v. : CIVIL NO. 3:CV-09-1464

WARDEN RONNIE HOLT, : (Judge Kosik)

    Respondent

### ORDER

**NOW, THIS** 10th **DAY OF FEBRUARY, 2010,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

EDWIN M. KOSIK
United States District Judge